SM

RECEIVED
FEB 13 2018
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION AT CHICAGO

| | |
|---|---|
| CHARISSE THOMPSON, | ) |
| PLAINTIFF | ) |
| v. | ) 1:18-cv-01140 |
| | ) Judge Thomas M. Durkin |
| THE NORTHERN TRUST COMPANY, | ) Magistrate Judge Maria Valdez |
| DEFENDANT. | ) |

**PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL**

Now comes the Plaintiff, CHARISSE THOMPSON (hereinafter "THOMPSON"), files her Complaint against the Defendant, THE NORTHERN TRUST COMPANY (hereinafter "NORTHERN TRUST"), and says:

### NATURE OF THE CLAIMS

1. This is an action for monetary damages, pursuant to Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §§ 2000e, *et seq.* (hereinafter "Title VII") and the Illinois Human Rights Act, 775 ILCS 5/1-101, *et seq.* (hereinafter the "IHRA").

2. This action is to redress Defendant's unlawful employment practices against Plaintiff, including Defendant's unlawful termination and retaliation against Plaintiff for engaging in protected activity.

### JURISDICTION AND VENUE

3. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under Title VII.

4. This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law and the IHRA pursuant to 28 U.S.C. §1367(a).

5. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district.

## THE PARTIES

6. Plaintiff, THOMPSON, is and was at all times material hereto, a citizen of the State of Illinois, residing in Cook County, Illinois.

7. Plaintiff, THOMPSON is informed and believes, and upon that basis alleges, the Defendant, NORTHERN TRUST, is and was at all times material hereto, a for-profit Illinois corporation with its headquarters at 50 S. LaSalle St., Chicago, IL 60603.

8. Defendant is an employer as defined by the all laws under which this action is brought and employs the requisite number of employees.

9. Plaintiff has complied with all statutory prerequisites to filing this action.

10. On or about June 05, 2017, Plaintiff filed a claim with the Equal Employment Opportunity Commission (hereinafter the "EEOC"), against NORTHERN TRUST, satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e).

11. Plaintiff's EEOC charge was filed within three hundred (300) days after the alleged unlawful employment practices occurred.

12. On or about November 16, 2017, Plaintiff requested, and the EEOC issued to Plaintiff a Notice of Right to Sue.

13. This complaint was filed within ninety (90) days of Plaintiff's receipt of the EEOC's Right to Sue letter.

14. An EEOC filing automatically operates as a dual-filing with the Illinois Department of Human Rights.

## FACTS

15. At all material times, Plaintiff worked for Defendant in Chicago, IL.

16. Plaintiff was employed by Defendant, for approximately seven (7) months, and at the time her employment was involuntarily terminated, held the position of Accountant Officer.

17. While employed by Defendant, Plaintiff satisfactorily performed the job requirements of her position and had no significant performance issues.

18. Plaintiff was a full-time employee who regularly worked, or exceeded forty (40) hours per week.

19. Plaintiff retained legal counsel to assist her with the discrimination and hostile work environment she was experiencing from Defendant.

20. On or about April 25, 2017, Plaintiff filed a complaint with the EEOC (Charge No.: 440-2017-02961) against the Defendant alleging discrimination based on age, religion, and disability.

21. On or about April 28, 2017, Plaintiff filed a similar complaint with Defendant's Employee Relations Department.

22. Plaintiff notified Defendant in her complaint that she filed a discrimination charge with the EEOC.

23. On or about May 2, 2017, Defendant terminated Plaintiff's employment under pretext.

24. Plaintiff was retaliated against by filing her charge of discrimination against Defendant.

25. Plaintiff has been damaged by Defendant's illegal conduct.

26. Plaintiff has had to retain the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

## Count 1: Retaliation under Title VII

27. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-26, above.

28. Plaintiff engaged in protected activity under Title VII on more than one occasion while employed by Defendant.

29. Defendant engaged in intentional retaliation against Plaintiff for her participation in protected activity.

30. Defendant's conduct violates Title VII.

31. The Plaintiff has satisfied all statutory prerequisites for filing this action.

32. Defendant's discriminatory conduct, in violation of Title VII, has caused the Plaintiff to suffer a loss of pay, benefits, and prestige for which he is entitled to damages.

33. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

34. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling her to punitive damages.

## Count 2: Retaliation under the IHRA

35. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-26, above.

36. Plaintiff engaged in protected activity under the IHRA on more than one occasion while employed by Defendant.

37. Defendant engaged in intentional retaliation against Plaintiff for her participation in protected activity.

38. Defendant's conduct violates the IHRA.

39. The Plaintiff has satisfied all statutory prerequisites for filing this action.

40. Defendant's discriminatory conduct, in violation of the IHRA, has caused the Plaintiff to suffer a loss of pay, benefits, and prestige for which he is entitled to damages.

41. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

42. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's statutorily protected rights, thereby entitling her to punitive damages.

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, and prejudgment interest thereon;

b) Grant Plaintiff her costs and an award of reasonable attorneys' fees (including expert fees); and

c) Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

*[signature]*

2/13/17