# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| CHARISSE THOMPSON, | |
| Plaintiff, | No. 18 C 1140 |
| v. | Judge Thomas M. Durkin |
| THE NORTHERN TRUST COMPANY, | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

Plaintiff brings retaliation claims against her former employer under Title VII (Count I) and the Illinois Human Rights Act ("IHRA") (Count II). The Court previously dismissed Plaintiff's IHRA claim for failure to exhaust administrative remedies with the Illinois Department of Human Rights ("IDHR"). Plaintiff has filed a motion to reconsider. Separately, Plaintiff has filed a motion to amend her complaint. The Court addresses both in this opinion.

### A.    Motion to Reconsider

Plaintiff initially filed a charge of discrimination with the EEOC and received a right to sue letter on that charge. Plaintiff then requested that the IDHR take action on that charge, as is required to administratively exhaust an IHRA claim. *See* R. 36-1. Plaintiff has filed with her motion a final order letter from the IDHR giving her the right to file a IHRA claim in court on her discrimination charge, demonstrating that she fully exhausted her administrative remedies for her IHRA discrimination

claim. R. 36-2 at 5. The problem is that Plaintiff's complaint in this case does not include a discrimination claim.

Instead, Plaintiff brings a claim in this case alleging she was fired in retaliation for filing her discrimination charge with the EEOC. Plaintiff exhausted this retaliation claim with the EEOC before bringing this action, but there is nothing in the record showing that Plaintiff ever requested that the IDHR take action on her retaliation charge. For this reason, the Court dismissed Plaintiff's IHRA claim.

Now, Plaintiff argues that the Court should reconsider dismissal of the IHRA claim because her two charges were combined into "one case to be investigated by IDHR," implying that administrative exhaustion of the discrimination claim should serve to exhaust her retaliation claim. R. 50 at 1. It appears that Plaintiff asked the IDHR to pursue her retaliation claim by the same letter she asked IDHR to pursue her discrimination claim. *See* R. 36-1 at 2. But that letter was written in May 2017, and the EEOC did not issue a right to sue letter on Plaintiff's retaliation charge until six months later. *See* R. 17-4 at 1. When a complainant first files a charge with the EEOC, the IDHR will wait to investigate that claim until the EEOC issues a right to sue letter, meaning that Plaintiff's letter could not have caused the IDHR to pursue her retaliation claim. Plaintiff has not produced any documents demonstrating that she asked the IDHR to pursue her claim *after* the EEOC issued its right to sue letter, let alone produced a final order from the IDHR. For these reasons, Defendant argues that the Court properly dismissed Plaintiff's IHRA claim for failure to exhaust, and that Plaintiff's motion to reconsider should be denied.

Defendant's argument is sound as far as it goes. But, in a line of cases not cited by either party, the Seventh Circuit has held that a plaintiff who exhausts a *discrimination* charge, and is then fired in *retaliation* for filing the discrimination charge, is not required to file a second EEOC charge to administratively exhaust the retaliation claim. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1030 (7th Cir. 2013) ("We have held for practical reasons, to avoid futile procedural technicalities and endless loops of charge/retaliation/ charge/retaliation, etc., that a plaintiff who alleges retaliation for having filed a charge with the EEOC need not file a second EEOC charge to sue for that retaliation." (citing *McKenzie v. Illinois Dep't of Transp.*, 92 F.3d 473, 482-83 (7th Cir. 1996))). Here, that means that Plaintiff's second EEOC charge was unnecessary to administratively exhaust her retaliation claim, which is the claim she brings in this case.

The question is whether this principle also applies to administrative exhaustion of IHRA claims. The Court has not found authority on point. But the Court does not see any reason why the Seventh Circuit's logic rejecting the need for a second EEOC charge should not also apply to reject the need for a second IDHR charge to administratively exhaust an IHRA retaliation claim based on the filing of a previous IHRA discrimination claim. The IHRA's administrative exhaustion provision does not appear to be any more stringent than Title VII's analogous provision. Neither has the Court found any provision in the IHRA contrary to the Seventh Circuit's logic that the notice provided by the initial discrimination charge is sufficient to put an employer on notice of a potential retaliation charge for firing the

3

employee after she files a discrimination charge. Moreover, Plaintiff is pro se and she has obviously made a sincere (if incomplete) effort to comply with the exhaustion requirements, and there is no question that Defendant had notice of Plaintiff's retaliation claim.

For these reasons, Plaintiff's motion for reconsideration is granted, and Count II is reinstated.

### B. Motion to Amend

Plaintiff has also filed a motion for leave to amend her complaint. Plaintiff seeks to add additional allegations of retaliation and defendants.

In her proposed amended complaint, Plaintiff alleges that Defendants have interfered with Plaintiff's "post employment" and have engaged in "post employment retaliation." R. 47 ¶ 3. The proposed amended complaint does not contain detail about these allegations. However, Defendant attached a letter Plaintiff sent to defense counsel making the following allegations:

> Northern Trust/Corporation, et al. have been making sure that I lose any position that I obtained since my termination of employment with their company. In their efforts to try to prove that I am not competent to hold an accounting position [sic]. . . . Also, there has been tampering with my family's business accounts as well as mine . . . No more personal/professional email tampering as they did while I was there. I will be looking into have [sic] the FBI to help with all the cyber and other thing [sic] that Northern Trust . . . has done to me.

R. 49-4 at 2.

An allegation "will be deemed exhausted" if "the EEOC charge and the complaint . . . describe the same conduct and implicate the same

4

individuals." *Delgado v. Merit Sys. Prot. Bd.*, 880 F.3d 913, 926 (7th Cir. 2018); *see also Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 634 (7th Cir. 2013) (allegations of police department's refusal to transfer aggrieved officer were reasonably related to the EEOC complaint based on poor assignment, even though transfer request ostensibly came after the EEOC complaint because it "it could grow or reasonably be expected to grow out of the allegations in the EEOC charge" and involved the same individuals and conduct). Unlike her IHRA retaliation claim discussed above, there is no dispute that Plaintiff exhausted her retaliation charge with the EEOC. Plaintiff seeks to add further allegations of retaliatory conduct that occurred after she was fired. This is generally permissible as further retaliation is "reasonably related," *Dandy v. United Parcel Serv., Inc.*, 388 F.3d 263, 270 (7th Cir. 2004), to the initial retaliation.

The problem with Plaintiff's motion, however, is that she has not made any particular allegations of retaliation in her proposed amended complaint. She only generally mentions "post employment retaliation." The Court is only aware of additional details of Plaintiff's new allegations because of her letter to defense counsel, which defense counsel filed with the Court. In her letter, Plaintiff specifies that she alleges that Defendant has interfered with her job prospects. But even this additional detail is likely insufficient to meet the plausibility standard of Federal Rule of Civil Procedure 12(b)(6). If Plaintiff wishes to amend her complaint to include additional allegations of retaliation, she must file a proposed amended complaint making those allegations in sufficient detail to satisfy the pleading requirements.

Plaintiff also seeks to add a number of individuals as defendants. But neither Title VII nor the IHRA provide for individual liability. *See Smith v. Bray*, 681 F.3d 888, 896 n.2 (7th Cir. 2012) (Title VII); *Washington v. Univ. of Illinois at Chicago*, 2010 WL 1417000, at *3 (N.D. Ill. Apr. 2, 2010 (IHRA); *Kozlowski v. Greenridge Farm, Inc.*, 2018 WL 3093338, at *2 (N.D. Ill. June 22, 2018); *see also Volling v. Kurtz Paramedic Servs., Inc.*, 840 F.3d 378, 383 (7th Cir. 2016) ("Illinois courts apply the federal Title VII framework to IHRA claims.").

For these reasons, Plaintiff's motion to amend her complaint is denied.

## Conclusion

For the foregoing reasons, Plaintiff's motion to reconsider [36] is granted, and her motion for leave to file an amended complaint [39] is denied without prejudice. If Plaintiff believes she can allege additional instances of retaliation she may file a new motion for leave to amend attaching a proposed complaint.

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: October 17, 2018

6